UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ANDREW FEUER,

    Plaintiff,

vs.

C.E. SAFES AND SECURITY PRODUCTS, INC.,
A Florida Profit Corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANDREW FEUER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, C.E. SAFES AND SECURITY PRODUCTS, INC., a Florida Profit Corporation (hereinafter referred to as "Defendant"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA") and for breach of contract under Florida common law.

**JURISDICTION AND VENUE**

1.     Plaintiff initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiff asserts that Defendant failed to pay Plaintiff proper overtime compensation in violation of the FLSA. Plaintiff further asserts that Defendant breached its oral agreement to compensate the Plaintiff for vacation time, raises, commissions, and bonuses.

2.     Jurisdiction is conferred upon this Court by:

    a.     28 U.S.C. § 1331;

    b.     28 U.S.C. § 1367; and

    c. 29 U.S.C. § 216(b), which allows for a claim regarding violations of the FLSA to be brought in any court of competent jurisdiction.

  3. This Court has original jurisdiction over claims arising under the FLSA and supplemental jurisdiction over Plaintiff's Florida common law claims, as they arise out the same nucleus of facts involving the Plaintiff's claim for FLSA damages; specifically, both claims involve the manner in which Plaintiff was paid.

  4. Venue is proper in the Southern District of Florida because at all material times, the Defendant was and continues to be a Florida corporation with its principal place of business in Broward County, Florida, conducting business throughout Florida and in showrooms in Broward County and Lee County, Florida.

## PARTIES

  5. At all times material hereto, Plaintiff was a resident of Lee County, Florida.

  6. At all times material hereto, Defendant was, and continues to be, a business operating in Broward County, Florida, and Lee County, Florida, and at which the Plaintiff worked. Defendant list its principal address as Broward County, Florida, with the Florida Division of Corporations.

  7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

  8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

  9. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

  10. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continue to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times relevant hereto, Defendant was primarily engaged in selling, customizing, delivering, and installing safes.

15. At all times relevant hereto, Defendant had more than two (2) employees.

16. At all times relevant hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

18. At all times relevant hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

19. At all times material hereto, the work, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## **STATEMENT OF FACTS**

20. Plaintiff worked as a salaried employee for Defendant from 2011, through September 3, 2019. Plaintiff worked at the Broward County showroom originally and then transferred to the Lee County showroom in June of 2013.

21. While Defendant furnished Plaintiff with the fancy title of "Manager," the true nature of Plaintiff's duties lacked the requisite degree of management, control, or decision

making to render him exempt under any, or a combination of white-collar exemptions. The Plaintiff did not 'manage' any employees. The Lee County location had one other employee working at the location with the Plaintiff from 2015-2017 and another employee for a period of two to three months. The Defendant maintained other employees at its Broward county showroom.

22. Defendant, nevertheless, unilaterally classified Plaintiff as "exempt" under the FLSA.

23. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

24. At various material times hereto, Defendant required Plaintiff to make multiple monthly after work hours deliveries and installations, often requiring the Plaintiff to travel for work to other cities overnight. Plaintiff on occasion made deliveries to Georgia for the benefit of the Defendant.

25. At various material times hereto, Defendant required Plaintiff to work gun shows that often required the Plaintiff to travel and work on the weekends.

26. By falsely classifying the Plaintiff as 'exempt', the Defendant did not compensate the Plaintiff for the excess hours that (1) the Plaintiff worked in the store; (2) the Plaintiff performed overnight delivery and installations; and (3) the weekends where the Plaintiff was required to work at gun shows.

27. During the relevant limitations period, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

28. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

29. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

30. Defendant had no good faith objective or subjective basis for misclassifying Plaintiff as exempt, and Plaintiff, therefore, is entitled to liquidated damages.

31. Additionally, the Plaintiff and Defendant agreed that the Plaintiff would receive two weeks paid vacation weeks per each year the Plaintiff worked for the Defendant and that Plaintiff would receive a raise each year along with commissions and bonuses. Plaintiff accepted this offer. This offer, acceptance, and consideration constituted a binding oral contract under Florida law.

32. Plaintiff requested vacation time every year but was denied said vacation time. Plaintiff was told by Defendant's owners that the vacation time would carry over from year to year. Defendant did not carry over an unused vacation time of the Plaintiff, nor did they compensate Plaintiff for the vacation time, thereby breaching their oral agreement. In addition, Defendant failed to give the Plaintiff the agreed upon raise, commission, or bonus.

33. Plaintiff has monetary damages, as a direct result of Defendant's breach of its oral contract/agreement.

34. Plaintiff has retained the law firm of PHILLIPS, CANTOR & SHALEK, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I

## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

35. Plaintiff realleges and reavers paragraphs 1-30 and 34 of the Complaint, as if fully set forth herein.

36. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

37. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

38. Defendant failed to pay Plaintiff overtime compensation for hours worked over forty (40) per week, based on its illegal misclassification of Plaintiff as exempt.

39. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

40. Defendant failed to properly disclose to, or apprise Plaintiff of, his rights under the FLSA.

41. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## COUNTS II
## BREACH OF ORAL CONTRACT

44. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-6, 20-21, and 31-33 of the Complaint as if fully set forth herein.

45. Plaintiff and Defendant entered into a mutually binding oral contract/agreement.

46. Defendant, as part of its obligations under the agreement, was to give the Plaintiff two weeks of vacation time per year for each year that the Plaintiff worked for the Defendant and to give the Plaintiff a yearly raise, commissions, and bonuses.

47. Defendant refused all vacations requests of the Plaintiff. Defendant also refused to carry over the vacation time from year to year as promised to the Plaintiff. Defendant failed to compensate the Plaintiff for any unused vacation time, despite demand from the Plaintiff for payment.

48. Defendant did not give the Plaintiff the agreed upon raise, commission, or bonuses.

49. Defendant has breached the oral contract/agreement, resulting in damages to Plaintiff.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for damages, including payment due for the uncompensated vacation time and all damages arising out of Defendant's breach of contract, costs, and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: July 1, 2020

Respectfully submitted,

By: /s/ Meredith Silver
MEREDITH SILVER
*Attorneys for Plaintiff*
Florida Bar No. 13751
Email: msilver@phillipslawers.com
JEFFREY B. SHALEK
Florida Bar No. 996221
Email: jshalek@phillipslawers.com
PHILLIPS, CANTOR & SHALEK, P.A.
Presidential Circle
4000 Hollywood Boulevard, Suite 500-N
Hollywood, Florida 33021
Telephone: (954) 966-1820
Fax: (954) 414-9309